## General Civil Case Filing Information Form (Non-Domestic)

**Court**      County <u>Chatham</u>      Date Filed <u>05/18/2016</u>
☑ **Superior**                 MM-DD-YYYY
☐ **State**      Docket # <u>CV16-0502-KA</u>

**Plaintiff(s)**

| Robinson, Eddie, | | P | III | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix Prefix | Maiden |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix Prefix | Maiden |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix Prefix | Maiden |

| | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix Prefix | Maiden |

**No. of Plaintiffs** <u>1</u>

**Defendant(s)**

| Wilcher, John | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix Prefix | Maiden |

| Corizon Health, Inc. | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix Prefix | Maiden |

| Moyse, Joseph | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix Prefix | Maiden |

| Faulks, Carl | | | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix Prefix | Maiden |

**No. of Defendants** <u>103</u>

**Plaintiff/Petitioner's Attorney**      ☐ **Pro Se**

| Claibome, | William, | R | |
|---|---|---|---|
| Last | First | Middle I. | Suffix |

**Bar #** <u>126363</u>

---

**Check Primary Type (Check only ONE)**

- ☐ Contract/Account
- ☐ Wills/Estate
- ☐ Real Property
- ☐ Dispossessory/Distress
- ☐ Personal Property
- ☐ Equity
- ☐ Habeas Corpus
- ☐ Appeals, Reviews
- ☐ Post Judgment Garnishment, Attachment, or Other Relief
- ☐ Non-Domestic Contempt
- ☑ Tort (If tort, fill in right column)
- ☐ Other General Civil Specify _____

---

**If Tort is Case Type:**
**(Check no more than TWO)**

- ☐ Auto Accident
- ☐ Premises Liability
- ☐ Medical Malpractice
- ☐ Other Professional Negligence
- ☐ Product Liability
- ☑ Other Specify <u>U.S. Constitution</u>

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No



IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EDDIE PRINCE ROBINSON, III, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: CV16-0502-KA |
| | ) | |
| | ) | |
| JOHN WILCHER, | ) | |
|     CHATHAM COUNTY SHERIFF | ) | |
|     IN HIS OFFICIAL CAPACITY, | ) | |
| CORIZON HEALTH, INC., | ) | |
| JOSEPH MOYSE, M.D., | ) | JURY TRIAL DEMANDED |
| CARL FAULKS, M.D., and | ) | |
| JOHN DOES 1-99 | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

COMES NOW, Eddie Prince Robinson, III, by and through his undersigned counsel, and states his claim against defendants, Chatham County Sheriff John Wilcher, in his official capacity, Corizon Health, Inc. ("Corizon), Joseph Moyse, Carl Faulks, and John Does 1-99, and shows this Honorable Court as follows:

## INTRODUCTION

1.

This action is brought pursuant to 42 U.S.C. § 1983. It is brought by Plaintiff, Eddie Prince Robinson, III, (hereinafter "Mr. Robinson"), a citizen of the United States and the State of Georgia, who entered the Chatham County Detention Center ("CCDC") on January 5, 2015 for a probation violation. Mr. Robinson alleges violations of his federal civil rights by Defendants, specifically his right under the Eighth and Fourteenth Amendments to the United States

Constitution, to be free from unnecessary pain and suffering and to be provided with medical care that meets the standards required by the United States Constitution.

2.

At all times relevant to this Complaint, it was the policy, practice, custom, and/or procedure of Defendant Wilcher to deny detainees access to constitutionally adequate medical care.

3.

Corizon is a privately held company that provides health care services, including medical, dental, and mental health care services, in correctional institutions across the United States of America.  Upon information and belief, Corizon conducts business in twenty-seven (27) or more states, and its annual revenues exceed $1 billion dollars per year.

4.

Corizon is paid more than $5 million dollars per year by the Board of Commissioners of Chatham County to provide health care services, including medical, dental, and mental health care services to the detainees at the CCDC. Whatever Corizon does not spend, it keeps as profit.

5.

Since at least the Summer of 2014, the Sheriff has known that Corizon fails to provide constitutionally adequate medical, dental, and mental health care, that Corizon violates the United States Constitution and federal law in the manner in which it delivers such care, and that incarcerated individuals were suffering and dying as a result of Corizon's policies and practices.

6.

Despite this actual knowledge of Corizon's constitutional violations, the Sheriff has chosen to retain Corizon as the health care provider at the CCDC.

7.

At all times during Mr. Robinson's detention at the CCDC, the Sheriff, Corizon, and the employees of Corizon named herein were deliberately indifferent to Mr. Robinson's medical

needs.  Due to the deliberate indifference to Mr. Robinson's known medical care needs, specifically the need for ophthalmological care, Mr. Robinson endured unnecessary pain and suffering and lost sight in one eye so that Corizon could save money by not providing Mr. Robinson with necessary medical care.  As a result, Mr. Robinson may be permanently blind in one eye and has lost his ability to work as a truck driver.

### 8.

The injuries sustained by Mr. Robinson were foreseeable and preventable. The Defendants were deliberately indifferent to Mr. Robinson's serious health care needs.  The United States Constitution and federal law provide Mr. Robinson the right to be free from such injuries.  Nevertheless, the Sheriff, Corizon, and the employees of Corizon acted individually and jointly in injuring Mr. Robinson by denying him needed medical care.

### 9.

As a result of Defendant's deliberate indifference to Mr. Robinson's serious and medical needs, Mr. Robinson seeks declaratory and compensatory relief, and costs, including attorney's fees.

## JURISDICTION AND VENUE

### 10.

Jurisdiction is appropriate in the Superior Court of Chatham County because the matters in controversy arise under the United States Constitution and laws of the State of Georgia.

### 11.

Venue is proper in Chatham County because it is the county and judicial district in which all Defendants reside and in which Defendants do business, and it is the county and judicial district in which a substantial part of the events or omissions giving rise to Mr. Robinson's claim

occurred.

## PARTIES

### 12.

Plaintiff Eddie Prince Robinson, III, was, at all relevant times, a resident of the State of Georgia and of Chatham County.

### 13.

Defendant John Wilcher, Sheriff of Chatham County, is a constitutional officer of the State of Georgia and he is sued in his official capacity. Defendant Sheriff Wilcher is responsible for the administration, operation and supervision of the CCDC, and for the promulgation and enforcement of rules, regulations, policies, customs and practices relevant thereto and at all times pertinent hereto was acting in that capacity, and under color of state law. At all relevant times, Defendant Sheriff Wilcher had a non-delegable duty to provide adequate medical care to prisoners within the CCDC.

### 14.

Defendant Corizon Health, Inc. is a Delaware corporation that is registered with the Georgia Secretary of State and conducts business in Chatham County, Georgia. At all times relevant to this Complaint, Corizon contracted with the Sheriff of Chatham County and with Chatham County to provide medical, dental, and mental health care to prisoners within the Chatham County Jail system. At all times pertinent hereto, Defendant Corizon was acting under color of law.

### 15.

Defendants Moyse and Faulk are individual Georgia residents and are licensed Georgia physicians who at all times relevant to this Complaint were acting under color of state law and were employees, or agents of Corizon.

16.

Defendants John Does 1-49 are unknown individuals and/or groups of individuals who are licensed Georgia nurses. At all relevant times, John Does 1-49 were acting under color of state law and were employees or agents of Corizon. The Plaintiff is unaware of the true names and capacities of these Defendants and therefore sues those persons by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained and intends to seek immediate discovery from the Defendants to determine the identity of John Does 1-49.

17.

Defendants John Does 50-99 are unknown individuals or groups of individuals who are , or were, employees of the Chatham County Sheriff's Department. At all relevant times John Does 50-99 were acting under color of state law and were employees or agents of the Sheriff. The Plaintiff is unaware of the true names and capacities of these Defendants and therefore sues those persons by fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained and intends to seek immediate discovery from the Defendants to determine the identity of John Does

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

18.

There is no administrative remedy exhaustion requirement regarding the Plaintiff's civil rights claims under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

19.

In November 2014, Mr. Robinson completed the process to be recertified as a commercial truck driver. During this process his sight was tested. Robinson was 20/20 in his

left eye and 20/40 in his right eye, with a combined vision of 20/20.

20.

At the time he was recertified as a commercial truck driver, Mr. Robinson suffered from glaucoma associated with ocular trauma, a trauma that occurred when a bungie cord snapped and injured his right eye. His condition required eye drops of prednisolone, an inexpensive steroid and antibiotic prescription medicine. To maintain his eyesight, he received one drop of the medication in his right eye four (4) times a day.

21.

On January 5, 2015, Mr. Robinson was arrested for a probation violation and booked into the CCDC. During the time period between his recertification as a commercial truck driver in November of 2014 and his incarceration in the CCDC on January 5, 2015, Mr. Robinson maintained the 20/40 in his right eye by self-administering the prednisolone eye drops.

22.

The Defendants knew of Mr. Robinson's need for regular medication for his right eye. At his booking, during the medical intake, Montine Stokes, a Corizon employee and contractor of Defendant Wilcher, wrote that Mr. Robinson was taking prednisolone "four times a day." In addition, Mr. Robinson informed Corizon employee RN Stokes that if he did not receive his medication as prescribed, he would suffer pain and his eyesight would deteriorate and even disappear.

23.

According to CCDC documents provided by Corizon, a prescription for prednisolone for Mr. Robinson was written on January 6, 2015.

24.

However, notwithstanding the prescription for prednisolone, Mr. Robinson did not receive the first dose of his medication until January 14, 2015, more than a week after his prescription was written.  On January 14, 2015, Robinson received three of the four prescribed administrations of his eye medication.

25.

On January 15, 2015, Mr. Robinson received two of the four prescribed administrations of his eye medication.

26.

For the next six (6) days—January 16-21, 2015—Mr. Robinson received none of the prescribed administrations of his eye medication.  According to Corizon's order status legend in Mr. Robinson's the Medication Administration Record (MAR), the reason Mr. Robinson was not provided his eye drops was "stock empty."

27.

On January 22, 2015, Mr. Robinson received one of the four prescribed administrations of his eye medication.

28.

For the time period January 6 through January 31, 2015, Mr. Robinson should have received one hundred (100) administrations of his eye medication.  During that same time period, Mr. Robinson received a mere six (6) administrations of his eye medication.

29.

During the month of January, Mr. Robinson's MAR order status legend includes codes of "IM," "OT," and "SE" in the space for the time that the medication should have been administered.  According to the order status legend, IM means "item missing," OT means "other," and SE means "stock empty."

30.

John Does 1-49 were nurses responsible for dispensing the eye medication to Mr. Robinson. John Does 1-49 knew that Mr. Robinson needed the eye medication. John Does 1-49 knew that if Mr. Robinson did not receive the eye medication he would suffer serious and irreversible medical harm.

31.

Rather than simply coding that the medication was missing, other, or stock empty, John Does 1-49 should have taken steps to ensure that Mr. Robinson received the eye medication. John Does 1-49 were deliberately indifferent to the medical needs of Mr. Robinson when they failed to ensure that he received his eye medication from January 6th through January 31st, 2015.

32.

Upon arrival, Mr. Robinson was placed in general population at the CCDC. He suffered intense pain in his right eye, headaches, and severe depression as he lost his sight. Mr. Robinson told John Does 50-99, who were CCDC correctional staff, that he needed his medication. John Does 50-99 knew that if Mr. Robinson did not receive the eye medication he would suffer serious and irreversible medical harm.

33.

John Does 50-99 ignored Mr. Robinson's obvious medical needs pleas for help, and took no action to insure that Mr. Robinson receive his eye medication. By failing to insure that Mr. Robinson receive his eye medication from January 6th through January 31st, John Does 50-99 were deliberately indifferent to Mr. Robinson's serious medical needs.

34.

On January 19, 2015, as part of a routine medical examination, Corizon employees tested Mr. Robinson's visual acuity by administering the Snellen eye chart. Even though Mr. Robinson was able to see and was licensed to drive commercial trucks by the State of Georgia when he was booked into the CCDC on January 5, 2015, after not receiving his eye medication as prescribed

for fourteen (14) days he could not read anything using his right eye.  Medical records provided by Corizon from January 19, 2015, indicate that the vision in Mr. Robinson's left eye was 20/20; however, vision in his right eye is noted as "NA."

35.

For the month of February, 2015, Mr. Robinson received his eye medication as prescribed for fourteen (14) of the twenty-eight (28) days.

36.

For the month of March, 2015, Mr. Robinson received his eye medication as prescribed for twelve (12) of the thirty-one (31) days.

37.

For the month of April, Mr. Robinson received his eye medication as prescribed for nineteen (19) of the thirty (30) days.

38.

For the month of May, Mr. Robinson received his eye medication as prescribed for twenty-six (26) of the thirty-one (31) days.

39.

For the month of June, Mr. Robinson received his eye medication as prescribed for twenty (20) of the thirty (30) days.

40.

For the month of July, Mr. Robinson received his eye medication as prescribed for the entirety of his detention: five (5) days.  On July 6, 2015, he was released from the CCDC.

41.

After repeated complaints of pain and vision loss, Defendant Corizon's employees referred Mr. Robinson for outpatient examinations to the Georgia Eye Institute in April and May. On May 11, 2015, after an outpatient examination, Mr. Robinson informed Defendant Faulks

that the outpatient examining ophthalmologist informed Mr. Robinson that he needed corneal transplant surgery "as soon as possible."

42.

Rather than ensure Mr. Robinson receive the necessary surgery, Defendant Faulks determined that the surgery was "not considered an emergency." Defendant Corizon and its employees scheduled the surgery to occur months in the future.

43.

Scheduling medical procedures to occur months in the future is a normal procedure at the CCDC, and with Corizon. The CCDC and Corizon conspire to engage in this conduct in the hopes that the detainee will be released from the CCDC or transferred to another institution before the surgery. If such a release or transfer occurs, then the CCDC and Corizon do not have to pay for the needed medical treatment.

44.

Upon information and belief, Mr. Robinson's surgery was scheduled at the Georgia Eye Institute for August or September, 2015. Mr. Robinson was released from the CCDC on July 6, 2015.

45.

Corizon staff and/or CCDC staff informed the Georgia Eye Institute that Robinson had been released and that Mr. Robinson would need to pay for his own surgery. Based upon this information, Mr. Robinson's surgery at the Georgia Eye Institute was cancelled.

## COUNT I
### (42 U.S.C. § 1983 Claims against
### Defendant Sheriff John Wilcher in his
### Official Capacity and Defendants John Does 50-99)
46.

Mr. Robinson re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 45 as fully set forth above.

47.

Count I is brought against Defendant Sheriff Wilcher in his official capacity pursuant to the Eighth and Fourteenth Amendments to the United States Constitution, actionable through 42 U.S.C. § 1983, for deliberate indifference to the serious medical needs of Mr. Robinson, an individual with glaucoma associated with ocular trauma that requires a single eye drop four (4) times a day of prednisolone, an inexpensive steroid and antibiotic prescription medicine.

48.

At all times material to this Complaint, it was the policy, practice, custom, and procedure of Defendant Sheriff Wilcher to delegate medical decisions to Corizon and its employees.[1] Defendant Wilcher knew or should have known that numerous other detainees at the CCDC have suffered and even died due to Corizon's deliberate indifference to detainees' serious medical, dental, and mental health needs. Further, Defendant Wilcher knew or should have known that his failure to appropriately intervene with Corizon after the previous suffering and death of detainees would inevitably lead to harm to other incarcerated individuals, including Mr. Robinson.

49.

The Chatham County Sheriff's Office and/or its employees or agents knew in January 2015 that Mr. Robinson needed medication for his right eye. John Does 50-99 knew that if Robinson did not receive the eye medication he would suffer serious and irreversible medical harm, to wit: blindness.

50.

Further, Mr. Robinson told John Does 50-99, who were CCDC correctional staff, that he needed his medication. Despite such knowledge, Mr. Robinson was not provided the medication as needed. Mr. Robinson suffered intense pain in his right eye, headaches, and severe depression as he lost his sight.

51.

---

[1] Regardless of the contractual relationship between the Sheriff and Corizon, the Sheriff remains responsible for the medical needs of the inmates housed at his jail, and he remains liable for their mistreatment. See OCGA §45-5-2; this is a non-delegable duty. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 705 (11th Cir. 1985).

Rather than responding to Mr. Robinson's pleas for help and obvious medical needs, John Does 50-99 took no action to assist Mr. Robinson in receiving his medication. John Does 50-99 were deliberately indifferent to the serious medical needs of Mr. Robinson when they failed to ensure that he received his eye medication from January 6th through July 6th. As a direct and proximate result of the deliberate indifference of John Does 50-99, Mr. Robinson became blind in his right eye.

52.

By May of 2015, the Chatham County Sheriff's Office and/or its employees or agents knew that Mr. Robinson had become blind in his right eye and needed corneal transplant surgery as soon as possible in order to attempt to restore the sight in that eye.

53.

Rather than ensure Mr. Robinson received the surgery as soon as possible, as ordered by the ophthalmologist at the Georgia Eye Institute, the Sheriff and his employees conspired with Corizon and its employees to schedule Mr. Robinson's surgery on a date later in the future than his scheduled release.

54.

Despite the Chatham County Sheriff's Office's and/or its employees' or agents' knowledge of Mr. Robinson's serious medical needs, Defendant Sheriff's Office was deliberately indifferent to those serious medical needs in failing to provide the necessary care and treatment to Mr. Robinson. The Chatham County Sheriff's Office and/or its employees or agents knew that taking no action and/or insufficient action would result in Mr. Robinson's continued blindness.

55.

At all times relevant to this Complaint, it was Defendant Sheriff Wilcher's widespread custom, policy, practice and/or procedure to outright deny medical treatment or be deliberately indifferent to the serious medical needs of Plaintiff and other prisoners/detainees incarcerated within the CCDC system.

56.

As a direct and proximate result of the Sheriff's Office's institutional denial of medical treatment and/or deliberate indifference toward Mr. Robinson's serious medical needs, he suffered great physical injury, pain, discomfort and mental anguish in violation of his rights under the United State Constitution.

57.

As a result, Mr. Robinson suffered damages in an amount be determined at trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses for his care and treatment in an effort to alleviate and cure his injuries.

58.

Further, Mr. Robinson will continue to incur additional expenses in the future, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Mr. Robinson will suffer the losses in the future. Mr. Robinson also seeks reasonable attorneys' fees and costs, pre-judgment interest and further relief as the Court deems appropriate.

## COUNT II

**(42 U.S.C. § 1983 claim against Defendants Corizon Health,
Inc., Joseph Moyse, MD, Carl Faulks, M.D., and John Does 1-49)**

59.

Mr. Robinson re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 58 as fully set forth above.

60.

Count II is brought against Defendants Corizon and its employees or agents Joseph Moyse, MD, Carl Faulks, M.D., and John Does 1-49 (hereinafter, "Corizon Defendants") pursuant to the Eighth and Fourteenth Amendments to the United States Constitution, actionable through 42 U.S.C. § 1983 for deliberate indifference to the serious medical needs of Mr. Robinson, an individual with glaucoma associated with ocular trauma that requires a single eye

drop four (4) times a day of prednisolone, an inexpensive steroid and antibiotic prescription medicine.

61.

Defendant Corizon and its employees or agents knew in January 2015 that Mr. Robinson had glaucoma and that if he did not receive his medication as prescribed, he would suffer pain and would lose his vision in his right eye.

62.

Despite such knowledge, during the month of January Mr. Robinson's MAR shows the codes of "IM," "OT," and "SE" in the space for the time that the medication should have been administered. IM means "item missing," OT means "other," and SE means "stock empty" according to the Order Status Legend on the MAR.

63.

John Does 1-49 were nurses responsible for dispensing the eye medication to Mr. Robinson. John Does 1-49 knew that Mr. Robinson needed the eye medication. John Does 1-49 knew that if Mr. Robinson did not receive the eye medication he would suffer serious and irreversible medical harm, to wit: blindness.

64.

Rather than simply coding that the medication was missing, other, or stock empty, John Does 1-49 should have taken steps to ensure that Mr. Robinson received the eye medication. John Does 1-49 were deliberately indifferent to the medical needs of Mr. Robinson when they failed to ensure that he received his eye medication from January 6th through July 6th.

65.

By May of 2015 Defendant Corizon and its employees or agents knew that Mr. Robinson had become blind in his right eye and needed corneal transplant surgery as soon as possible in order to attempt restore the sight in that eye.

66.

Despite Defendant Corizon and its employees' or agents' knowledge of Mr. Robinson's serious medical needs, Defendant Corizon was deliberately indifferent to those serious medical needs in failing to provide the necessary care and treatment to Mr. Robinson. Defendant Corizon and its employees or agents knew that taking no action and/or insufficient action would result in Mr. Robinson's continued blindness.

67.

At all times relevant to this Complaint, it was Defendant Corizon's widespread custom, policy, practice, and procedure to deny medical treatment or be deliberately indifferent to the serious medical needs of Mr. Robinson and other detainees incarcerated within the CCDC system.

68.

As a direct and proximate result of Defendant Corizon's institutional denial of medical treatment or deliberate indifference toward Mr. Robinson's serious medical needs, Mr. Robinson suffered great physical injury, pain, discomfort and mental anguish in violation of his rights under the United States Constitution.

69.

As a result, Mr. Robinson suffered damages in an amount be determined at trial for his bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses for his care and treatment in an effort to alleviate and cure his injuries, and will continue to incur additional expenses in the future, loss of earnings, loss of ability to earn money.

70.

The losses are either permanent or continuing and Mr. Robinson will suffer the losses in the future. Mr. Robinson also seeks reasonable attorneys' fees and costs, pre-judgment interest and further relief as the Court deems appropriate.

## COUNT III

## Punitive Damages

### 71.

Mr. Robinson re-adopts, incorporates by reference, and re-alleges Paragraphs 1 through 70 as fully set forth above.

### 72.

As described herein, the conduct of some or all of the Defendants showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

### 73.

Mr. Robinson is entitled to punitive damages solely to punish, penalize, or deter the Defendants.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff prays:

(A)     That summons and process issue and be served upon Defendants;

(B)     For a trial by a jury;

(C)     That Plaintiff be awarded an appropriate sum to compensate him for the damages and harm caused to him;

(D)     That the Plaintiff recover attorney's fees from the Defendants under applicable state and federal statutes;

(E)     That the Plaintiff be awarded punitive damages in an amount sufficient to punish and deter Defendants; and

(F)     For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 18th day of May, 2016.

THE CLAIBORNE FIRM, P.C.

WILLIAM R. CLAIBORNE
Attorney for Plaintiff
Georgia Bar Number: 126363

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com

S. WELSEY WOOLF, P.C.

S. WELSEY WOOLF
Attorney for Plaintiff
Georgia Bar Number: 776175

DAVID J. UTTER
Attorney for Plaintiff
Georgia Bar Number: 723144

408 East Bay Street
Savannah, Georgia 31401
(912) 201-3696 Telephone
(912) 236-1884 Facsimile
utter@woolflawfirm.net

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EDDIE PRINCE ROBINSON, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: CV16-0502-KA |
| | ) | |
| JOHN WILCHER, | ) | |
| CHATHAM COUNTY SHERIFF | ) | |
| IN HIS OFFICIAL CAPACITY, | ) | |
| CORIZON HEALTH, INC., | ) | |
| JOSEPH MOYSE, M.D., | ) | JURY TRIAL DEMANDED |
| CARL FAULKS, M.D., and | ) | |
| JOHN DOES 1-99 | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATION UNDER RULE 3.2

Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules of Georgia, I hereby

certify that no other case filed in the Eastern Judicial Circuit which under Rule 3.2 of the Superior

Court Rules which would require the Petition to be specifically assigned to the to Judge whom the

original action was or is assigned.

Respectfully submitted, this 10th day of May, 2016.

THE CLAIBORNE FIRM, P.C.

WILLIAM R. CLAIBORNE
Attorney for Plaintiff
Georgia Bar Number: 126363

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,           )
                                      )
        Plaintiff,                    )
                                      )
                                      )
vs.                                   )     CIVIL ACTION NO.: CV16-0502-KA
                                      )
                                      )
JOHN WILCHER,                         )
        CHATHAM COUNTY SHERIFF        )
        IN HIS OFFICIAL CAPACITY,     )
CORIZON HEALTH, INC.,                 )
JOSEPH MOYSE, M.D.,                   )     JURY TRIAL DEMANDED
CARL FAULKS, M.D., and                )
JOHN DOES 1-99                        )
                                      )
        Defendants.                   )

---

### SUMMONS

---

TO THE ABOVE NAMED DEFENDANT: .
                    John Wilcher
                    1050 Carl Griffin Dr.
                    Savannah, GA 31405

        You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

                    THE CLAIBORNE FIRM, P.C.
                    410 EAST BAY STREET
                    SAVANNAH GEORGA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of summons
upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.

        This 18th day of May, 2016.

                                    Clerk of Superior Court
                                    CHATHAM COUNTY
                                    By _____
                                            (Deputy) Clerk

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,                )
                                           )
    Plaintiff,                      )
                                           )
                                           )
vs.                                        )      CIVIL ACTION NO.: CVI16-0502-KA
                                           )
                                           )
JOHN WILCHER,                              )
    CHATHAM COUNTY SHERIFF          )
    IN HIS OFFICIAL CAPACITY,       )
CORIZON HEALTH, INC.,                      )
JOSEPH MOYSE, M.D.,                        )      JURY TRIAL DEMANDED
CARL FAULKS, M.D., and                     )
JOHN DOES 1-99                             )
                                           )
    Defendants.                     )

---

### SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

John Wilcher
1050 Carl Griffin Dr.
Savannah, GA 31405

Filed in the Clerk's Office this 18th day of May, 2016.

_____
Clerk, Dep. Clerk, S.C.C.C. GA


_____
William R. Claiborne
PLAINTIFF'S ATTORNEY

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,     )
                                       )
     Plaintiff,              )
                                       )
                                     )
vs.                                )    CIVIL ACTION NO.: CV16-0502-XA
                                     )
JOHN WILCHER,            )
     CHATHAM COUNTY SHERIFF    )
     IN HIS OFFICIAL CAPACITY,    )
CORIZON HEALTH, INC.,        )
JOSEPH MOYSE, M.D.,        )    JURY TRIAL DEMANDED
CARL FAULKS, M.D., and      )
JOHN DOES 1-99            )
                                       )
     Defendants.           )

---

### SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

Corizon Health, Inc.
105 Westpark Drive, Suite 200
Brentwood, TN 37027

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

THE CLAIBORNE FIRM, P.C.
410 EAST BAY STREET
SAVANNAH GEORGA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 18th day of May, 2016.

                                   Clerk of Superior Court
                                   CHATHAM COUNTY

                                   By _____
                                       (Deputy) Clerk

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,     )
                                )
     Plaintiff,                 )
                                )
                                )
vs.                             )    CIVIL ACTION NO.: CV16-0502-KA
                                )
                                )
JOHN WILCHER,             )
     CHATHAM COUNTY SHERIFF    )
     IN HIS OFFICIAL CAPACITY,    )
CORIZON HEALTH, INC.,        )
JOSEPH MOYSE, M.D.,        )    JURY TRIAL DEMANDED
CARL FAULKS, M.D., and       )
JOHN DOES 1-99          )
                                )
     Defendants.             )

---

### SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

Corizon Health
105 Westpark Drive, Suite 200
Brentwood, TN 37027

Filed in the Clerk's Office this 18th day of May, 2016.

_____
Clerk, Dep. Clerk, S.C.C.C. GA

_____
William R. Claiborne
PLAINTIFF'S ATTORNEY

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| EDDIE PRINCE ROBINSON, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: CV16 - 0500̸2 - KA |
| | ) |
| | ) |
| JOHN WILCHER, | ) |
| CHATHAM COUNTY SHERIFF | ) |
| IN HIS OFFICIAL CAPACITY, | ) |
| CORIZON HEALTH, INC., | ) |
| JOSEPH MOYSE, M.D., | ) JURY TRIAL DEMANDED |
| CARL FAULKS, M.D., and | ) |
| JOHN DOES 1-99 | ) |
| | ) |
| Defendants. | ) |

---

### SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

Joseph Moyse
6105 Azalea Garden Dr.
Atlanta, GA 30338

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

THE CLAIBORNE FIRM, P.C.
410 EAST BAY STREET
SAVANNAH GEORGA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 18ᵗʰ day of May, 2016.

Clerk of Superior Court
CHATHAM COUNTY

By _____
(Deputy) Clerk

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,       )
                                      )
      Plaintiff,                      )
                                      )
vs.                                )    CIVIL ACTION NO.: CV16-0502-KA
                                      )
JOHN WILCHER,               )
      CHATHAM COUNTY SHERIFF  )
      IN HIS OFFICIAL CAPACITY,  )
CORIZON HEALTH, INC.,       )
JOSEPH MOYSE, M.D.,        )    JURY TRIAL DEMANDED
CARL FAULKS, M.D., and      )
JOHN DOES 1-99           )
                                      )
      Defendants.             )

---

## SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

Joseph Moyse
6105 Azalea Garden Dr.
Atlanta, GA 30338

Filed in the Clerk's Office this 18TH day of May, 2016.

Clerk, Dep. Clerk, S.C.C.C. GA

William R. Claiborne
PLAINTIFF'S ATTORNEY

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,    )
              )
   Plaintiff,       )
              )
              )
vs.            )  CIVIL ACTION NO.: CV16-0502-KA
              )
              )
JOHN WILCHER,       )
   CHATHAM COUNTY SHERIFF )
   IN HIS OFFICIAL CAPACITY,  )
CORIZON HEALTH, INC.,    )
JOSEPH MOYSE, M.D.,     )  JURY TRIAL DEMANDED
CARL FAULKS, M.D., and    )
JOHN DOES 1-99       )
              )
   Defendants.      )

---

## SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

Carl Faulks
323 Brighton Woods Dr.
Pooler, GA 31322

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

THE CLAIBORNE FIRM, P.C.
410 EAST BAY STREET
SAVANNAH GEORGA 31401

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

   This 18 day of May, 2016.

             Clerk of Superior Court
             CHATHAM COUNTY

             By _____
                (Deputy) Clerk

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,  )
             )
  Plaintiff,       )
             )
             )
vs.            )  CIVIL ACTION NO.: CV16-0502-KA
             )
JOHN WILCHER,      )
  CHATHAM COUNTY SHERIFF )
  IN HIS OFFICIAL CAPACITY, )
CORIZON HEALTH, INC.,   )
JOSEPH MOYSE, M.D.,    )  JURY TRIAL DEMANDED
CARL FAULKS, M.D., and   )
JOHN DOES 1-99      )
             )
  Defendants.     )

---

### SUMMONS

---

TO THE ABOVE NAMED DEFENDANT:

Carl Faulks
323 Brighton Woods Dr.
Pooler, GA 31322

Filed in the Clerk's Office this 18th day of May, 2016.

_____
Clerk, Dep. Clerk, S.C.C.C. GA

_____
William R. Claiborne
PLAINTIFF'S ATTORNEY

FILED IN OFFICE

IN THE SUPERIOR COURT OF CHATHAM COUNTY JUN 28  PM 4: 04
STATE OF GEORGIA

CLERK SUPERIOR CT.
CHATHAM COUNTY GA

| | | |
|---|---|---|
| EDDIE PRINCE ROBINSON, III, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV16-0502-KA |
| | ) | |
| JOHN WILCHER, | ) | |
|    CHATHAM COUNTY SHERIFF | ) | |
|    IN HIS OFFICIAL CAPACITY, | ) | |
| | ) | |
|    Defendant. | ) | |

## ACKNOWLEDGMENT OF SERVICE

COMES NOW John Wilcher, Chatham County Sheriff in his official capacity, DEFENDANT in the above-captioned matter, by and through counsel, and acknowledges that he has received a copy of Plaintiff's Complaint.

Sheriff Wilcher waives formal process, but does not waive further notice, or the right to raise any defenses that may be available in this action.

Should further notice be required for any reason, the notice should be mailed to undersigned counsel.

RESPECTFULLY SUBMITTED, this 28th day of June, 2016.

*(Signatures on next page)*

Page 1 of 3

OLIVER MANER LLP

BENJAMIN M. PERKINS
State Bar No. 140997
LAUREN E.H. MEADOWS
State Bar No. 575757

P.O. Box 10186
Savannah, GA 31412
(912) 236-3311 telephone
(912) 236-8724 facsimile
bperkins@olivermaner.com
lmeadows@olivermaner.com

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,    )
    )
    Plaintiff,    )
    )
v.    )    CIVIL ACTION NO.: CV16-0502-KA
    )
JOHN WILCHER,    )
    CHATHAM COUNTY SHERIFF    )
    IN HIS OFFICIAL CAPACITY,    )
    )
    Defendant.    )

### CERTIFICATE OF SERVICE

I certify that I have provided a true and accurate copy of the foregoing Acknowledgment of Service, to counsel for all parties by mailing a true and accurate copy of the same via First-class U.S. Mail, proper postage prepaid and addressed to:

| William R. Claiborne<br>THE CLAIBORNE FIRM, P.C.<br>410 E. Bay St.<br>Savannah, GA 31401<br>will@claibornefirm.com | David J. Utter<br>S. WESLEY WOOLF, P.C.<br>408 E. Bay St.<br>Savannah, GA 31401<br>utter@woolflawfirm.net | Thomas S. Carlock<br>Carlock, Copeland & Stair, LLC<br>191 Peachtree Street NE<br>Suite 3600<br>Atlanta, GA 30303 |
|---|---|---|

THIS 28 day of June 2016.

OLIVER MANER LLP

BENJAMIN M. PERKINS
State Bar No. 140997
LAUREN E.H. MEADOWS
State Bar No. 575757

P.O. Box 10186
Savannah, GA 31412
(912) 236-3311 telephone
(912) 236-8724 facsimile
bperkins@olivermaner.com
lmeadows@olivermaner.com

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EDDIE PRINCE ROBINSON, III, | ) | |
| | ) | Civil Action No.: CV16-0502-KA |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| JOHN WILCHER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGMENT OF SERVICE

COMES NOW Carl Faulks, M.D., DEFENDANT in the above-captioned matter, by and through counsel, and acknowledges that he has received a copy of Plaintiff's Complaint.

Faulks waives formal process, but does not waive further notice, or the right to raise any defenses that may be available in this action.

Should further notice be required for any reason, the notice should be mailed to undersigned counsel.

RESPECTFULLY SUBMITTED, this 6 day of June 2016.

CARLOCK, COPELAND, & STAIR, LLP

EMILY C. WARD
Georgia Bar Number: 500999
*Attorney for Defendant Corizon*

191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303
Telephone: (404) 522-8220
eward@carlockcopeland.com

ENTERED ALB    JUN 17 2016

Page 1 of 2

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,      )
                                 )   Civil Action No.: CV16-0502-KA
    Plaintiff,             )
         vs.           )
                                 )
JOHN WILCHER, et al.        )
                                 )
    Defendants.          )

## CERTIFICATE OF SERVICE

I certify that I have provided a true and accurate copy of the foregoing Acknowledgment

of Service, to counsel for all parties by mailing a true and accurate copy of the same via First-

class U.S. Mail, proper postage prepaid and addressed to:

| | | |
|---|---|---|
| William R. Claiborne<br>THE CLAIBORNE FIRM, P.C.<br>410 E Bay St.<br>Savannah, GA 31401<br>will@claibornefirm.com | David J Utter<br>S. WESLEY WOOLF, P.C.<br>408 E Bay St<br>Savannah, GA 31401<br>utter@woolflawfirm.net | |

THIS 8th day of June 2016.

CARLOCK, COPELAND, & STAIR, LLP

EMILY C. WARD
Georgia Bar Number: 500999
*Attorney for Defendant Corizon*

ENTERED ALB   JUN 1 7 2016

## IN THE SUPERIOR COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,                )
                                   )   Civil Action No.: CV16-0502-KA
    Plaintiff,                                )
                vs.                    )
                                      )
JOHN WILCHER, et al.                         )
                                      )
    Defendants.                              )

### ACKNOWLEDGMENT OF SERVICE

        COMES NOW Carl Faulks, M.D., DEFENDANT in the above-captioned matter, by and

through counsel, and acknowledges that he has received a copy of Plaintiff's Complaint.

        Faulks waives formal process, but does not waive further notice, or the right to raise any

defenses that may be available in this action.

        Should further notice be required for any reason, the notice should be mailed to

undersigned counsel.

        RESPECTFULLY SUBMITTED, this _2_ day of June 2016.

                                     CARLOCK, COPELAND, & STAIR, LLP

                                     EMILY C. WARD
                                     Georgia Bar Number: 500999
                                     *Attorney for Defendant Corizon*

191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303
Telephone: (404) 522-8220
eward@carlockcopeland.com

Page 1 of 2

ENTERED ALB      Jun 13 2016

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,      )
                                 )   Civil Action No.: CV16-0502-KA
        Plaintiff,               )
                vs.              )
                                 )
JOHN WILCHER, et al.             )
                                 )
        Defendants.              )

### CERTIFICATE OF SERVICE

I certify that I have provided a true and accurate copy of the foregoing Acknowledgment of Service, to counsel for all parties by mailing a true and accurate copy of the same via First-class U.S. Mail, proper postage prepaid and addressed to:

| William R. Claiborne | David J. Utter | |
|---|---|---|
| THE CLAIBORNE FIRM, P.C | S. WESLEY WOOLF, P C. | |
| 410 E. Bay St. | 408 E. Bay St. | |
| Savannah, GA 31401 | Savannah, GA 31401 | |
| will@claibornefirm.com | utter@woolflawfirm.net | |

THIS 2ⁿᵈ day of June 2016.

CARLOCK, COPELAND, & STAIR, LLP

EMILY C. WARD
Georgia Bar Number: 500999
*Attorney for Defendant Corizon*

Page 2 of 2

ENTERED ALB   JUN 13 2016

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

FILED IN OFFICE

2016 JUN -9 AM 9: 12

DEP. CLK. SUPERIOR CT.
CHATHAM COUNTY, GA

EDDIE PRINCE ROBINSON, III,            )
                                       )  Civil Action No.: CV16-0502-KA
        Plaintiff,                     )
                vs.                    )
                                       )
JOHN WILCHER, et al.                   )
                                       )
        Defendants.                    )

## ACKNOWLEDGMENT OF SERVICE

COMES NOW Corizon Health, Inc. ("Corizon"), DEFENDANT in the above-captioned matter, by and through counsel, and acknowledges that it has received a copy of Plaintiff's Complaint.

Corizon waives formal process, but does not waive further notice, or the right to raise any defenses that may be available in this action.

Should further notice be required for any reason, the notice should be mailed to undersigned counsel.

RESPECTFULLY SUBMITTED, this 2nd day of June 2016.

CARLOCK, COPELAND, & STAIR, LLP

EMILY C. WARD
Georgia Bar Number: 500999
*Attorney for Defendant Corizon*

191 Peachtree Street, NE
Suite 3600
Atlanta, Georgia 30303
Telephone: (404) 522-8220
eward@carlockcopeland.com

Page 1 of 2

IN THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

EDDIE PRINCE ROBINSON, III,          )
                                     )   Civil Action No.: CV16-0502-KA
    Plaintiff,                       )
              vs.                )
                                     )
JOHN WILCHER, et al.                 )
                                     )
    Defendants.                      )

## CERTIFICATE OF SERVICE

I certify that I have provided a true and accurate copy of the foregoing Acknowledgment

of Service, to counsel for all parties by mailing a true and accurate copy of the same via First-

class U.S. Mail, proper postage prepaid and addressed to:

| | | |
|---|---|---|
| William R. Claiborne<br>THE CLAIBORNE FIRM, P.C.<br>410 E. Bay St.<br>Savannah, GA 31401<br>will@claibornefirm.com | David J. Utter<br>S. WESLEY WOOLF, P.C.<br>408 E. Bay St.<br>Savannah, GA 31401<br>utter@woolflawfirm.net | |

THIS 2nd day of June 2016.

CARLOCK, COPELAND, & STAIR, LLP

EMILY C. WARD
Georgia Bar Number: 500999
*Attorney for Defendant Corizon*