IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EDDIE PRINCE ROBINSON, III,      )
                                 )
     Plaintiff,                  )
                                 )
v.                               )    CASE NO. CV416-179
                                 )
JOHN WILCHER, Chatham County     )
Sheriff, in his official         )
capacity; CORIZON HEALTH,        )
INC.; JOSEPH MOYSE, M.D.;        )
CARL FAULKS, M.D.; and JOHN      )
DOES 1-99;                       )
                                 )
     Defendants.                 )
_____)



## O R D E R

Before the Court are Plaintiff Eddie Price Robinson, III's Motion to Remand (Doc. 11) and Defendant Joseph Moyse's Motion to Dismiss (Doc. 16). For the following reasons, both motions are **DENIED**. Plaintiff **SHALL** have 60 days to perfect service on Defendant Moyse pursuant to 28 U.S.C. § 1448. Following effective service pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Moyse **SHALL** have 30 days to consent to removal.

## BACKGROUND

The underlying facts of this case are of no consequence to the motions presently before the Court. On its merits, this case involves serious allegations of Defendants' deliberate indifference to Plaintiff's medical

needs while he was incarcerated, culminating in the loss of sight in one eye. (Doc. 1, Attach. 1.) Rather than this Court spending its time and resources addressing the merits of Plaintiff's claims, however, the Court must instead referee a game of jurisdictional brinkmanship that originated in Chatham County Superior Court on May 18, 2016. Plaintiff's opening gambit began on June 21, 2016 when Plaintiff allegedly served Defendant Moyse at his residence in North Baldwin, New York. (Doc. 11, Ex. A.) Unable to personally serve Defendant Moyse at his residence, the process server left a copy of the summons and complaint with a "JANE DOE Wife." (Id. (internal quotations omitted).) Instead of inquiring into the individual's identity, the process server simply described her as an African-American female with black hair between 51 and 65 years of age, 131 to 160 pounds, and 5'9" to 6'. (Id.)

Defendant Moyse never filed an answer or otherwise appeared while this case was pending in Chatham County Superior Court. On June 30, 2016, the properly served defendants unanimously removed this case. (Doc. 1.) In their Notice of Removal, these defendants stated that "[u]pon information and belief, Defendant Dr. Joseph Moyse has not been served and has not acknowledged service of the

Complaint." (Id. ¶ 10.) Continuing his coffeehouse play, Plaintiff waited until July 22, 2016 to file his Motion to Remand, a mere one day after a properly served Defendant Moyse would have been required to consent to removal under 28 U.S.C. § 1446(b)(2)(B). Plaintiff's motion advances an "Unanimity Blitz" that attempts to have this case remanded because Defendant Moyse failed to timely consent to removal, rendering the removal nonunanimous. (Doc. 11 at 4-7.)

For his part, Defendant Moyse made a special appearance to file a Motion to Dismiss. (Doc. 16.) In that motion, Defendant Moyse contends that he was not properly served. (Doc. 16, Attach. 1 at 2.) Defendant Moyse notes that he was volunteering in Haiti from June 4, 2016 to July 31, 2016. (Id. at 3.) In addition, Defendant Moyse states that his wife did not speak to a process server, and did not receive a copy of the summons and complaint. According to Defendant Moyse, his wife is a 63 year-old, 135 pound, 5'4" tall, African-American with brown hair and golden highlights.

**ANALYSIS**

Federal courts are courts of limited jurisdiction: they may only hear cases that they have been authorized to hear by the Constitution or Congress. See Kokkonen v.

Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). For cases first filed in state court, a defendant may remove the matter to federal court only if the original case could have been brought in federal court. 28 U.S.C. § 1441(a). Conversely, if no basis for subject matter jurisdiction exists, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). When a case originally filed in state court is removed by the defendant, the defendant has the burden of proving that federal subject matter jurisdiction exists. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. Burns v. Windsor Ins. Co., 21 F.3d 1092, 1095 (11th Cir. 1994).

In cases involving multiple defendants, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). In addition, "all defendants who have been properly joined and served must join in or consent to the removal of the action." Id. § 1446(b)(2)(A). As if anticipating the very issue present in this case, 28 U.S.C. § 1448 provides that

> [i]n all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been

4

> served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

The board having been set and the pieces in motion, the Court now busts Plaintiff's "Unanimity Blitz." The properly served defendants' Notice of Removal should have placed Plaintiff on notice of issues regarding proper service on Defendant Moyse. Moreover, counsel for Defendant Moyse notified Plaintiff as early as July 26, 2016 that Defendant Moyse was not properly served, going so far as to acknowledge service on his behalf should Plaintiff withdraw his Motion to Remand. (Doc. 16, Ex. 3 at 2.) Undaunted, Plaintiff refused to resign his remand offensive and instead continued to assault Defendant Moyse's fortressed position. Having reached a stalemate, the Court will allow Plaintiff sixty days to perfect service on Defendant Moyse pursuant to § 1448 or risk having him dismissed from this case.

It is worth noting that this Court finds Plaintiff's claim that Defendant Moyse was properly served rather dubious. The timing of Plaintiff's Motion to Remand, combined with the process server's abject failure to identify the individual with which he left the served

documents, does not weigh in favor of concluding that Plaintiff properly served Defendant Moyse. Interestingly, the process server stated that when asked whether Defendant Moyse was serving in the military, the individual informed the process server "that the defendant always wore civilian clothes and no military uniform." (Doc. 11, Ex. A at 1.) This seems a particularly odd statement from an individual that Plaintiff claims is Defendant Moyse's wife: she would most likely provide a simple affirmative or negative answer rather than state her experience of never seeing Defendant Moyse in military uniform. While the Court is not deciding the issue of proper service at this time, it cannot help but recognize the serious flaws in Plaintiff's overextended position.

Finally, a word of caution: while some forums may suffer this type of conduct, this Court frowns upon parties engaging in this type of jurisdictional brinkmanship. Issues of effective service are not mere pawns in Plaintiff's attempt to gain a tactical advantage over Defendants. This case involves serious federal claims brought under 42 U.S.C. § 1983. Based on this federal issue, the most appropriate and natural forum would be federal, not state, court. In the future, Plaintiff would

be wise to avoid attempts to rook this Court of its jurisdiction over federal claims.

Because the Court will permit Plaintiff to perfect service, Plaintiff's Motion to Remand (Doc. 11) and Defendant Moyse's Motion to Dismiss (Doc. 16) are both **DENIED**. The parties retain the right to file renewed motions should the need arise following Plaintiff's attempts to perfect service on Defendant Moyse. However, it is this Court's hope that Caïssa will be with us all, and neither this Court nor the parties will spend needless time and energy addressing issues outside of the actual merits of this case.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie Price Robinson, III's Motion to Remand (Doc. 11) and Defendant Joseph Moyse's Motion to Dismiss (Doc. 16) are **DENIED**. Plaintiff **SHALL** have 60 days to perfect service on Defendant Moyse pursuant to 28 U.S.C. § 1448. Following effective service pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Moyse **SHALL** have 30 days to consent to removal.

SO ORDERED this 28th day of March 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA