# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

EDDIE PRINCE ROBINSON, III, )
)
    Plaintiff, )
)
v. ) CASE NO. CV416-179
)
JOHN WILCHER, Chatham County )
Sheriff, in his official )
capacity; CORIZON HEALTH, )
INC.; JOSEPH MOYSE, M.D.; )
CARL FAULKS, M.D.; and JOHN )
DOES 1-99; )
)
    Defendants. )
)

## O R D E R

Before the Court is Plaintiff Eddie Price Robinson, III's Motion for Reconsideration. (Doc. 30.) For the following reasons, Plaintiff's motion is **DENIED**. The Court will once more provide Plaintiff with additional time to serve Defendant Moyse. Plaintiff **SHALL** have 60 days to perfect service on Defendant Moyse pursuant to 28 U.S.C. § 1448. Following effective service pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Moyse **SHALL** have 30 days to consent to removal.

## BACKGROUND

This case involves serious allegations of Defendants' deliberate indifference to Plaintiff's medical needs while he was incarcerated, culminating in the loss of sight in

one eye. (Doc. 1, Attach. 1.) The action was originally filed in the Superior Court of Chatham County and was removed to this Court on June 30, 2016. (Doc. 1.) The issue of whether Defendant Moyse was properly served was first raised in Plaintiff's Motion to Remand (Doc. 11) and Defendant Moyse's Special Appearance Motion to Dismiss (Doc. 16). In his motion to remand, Plaintiff argued that this action should be remanded to superior court because Defendant Moyse was properly served and did not timely consent to removal, thus rendering removal non-unanimous between all defendants. (Doc. 11 at 1-2.) Plaintiff argues that Defendant Moyse was properly served on June 21, 2016 when a private process server served the complaint and summons on a "JANE DOE Wife" at Defendant Moyse's place of residence at 416 Woodland Estates Drive, North Baldwin, NY 11510. (Doc. 11, Attach. 1 at 1.) Plaintiff relies on the process server's affidavit of suitable service to show that service was completed. (Doc. 11 at 6.)

Defendants Wilcher, Corizon Health, and Faulks filed a joint response in opposition to Plaintiff's motion to remand. (Doc. 17.) In their response, Defendants Wilcher, Corizon Health, and Faulks argue that Defendant Moyse has not been properly served because the service that was allegedly conducted on June 21, 2016 occurred when neither

2

Defendant Moyse nor Defendant Moyse's wife was home. (Id. at 2.) Thus, service was not perfected because the complaint and summons were not left with a resident of the home. (Id.) Defendants Wilcher, Corizon Health, and Faulks contend that, because Defendant Moyse has not been properly served, his consent was not required to remove the action and remand would be improper. (Id. at 3.) Additionally, the properly served Defendants provided an e-mail between Plaintiff and counsel for Defendant Moyse dated July 26, 2016 in which counsel for Defendant Moyse informed Plaintiff's counsel that service was improper and offered to waive service if requested by Plaintiff. (Doc. 17, Attach. 1 at 2.)

In Defendant Moyse's Motion to Dismiss, he argues that he was not properly served because he was not personally served and his wife was not served, despite the " 'JANE DOE' Wife" designation on the affidavit of suitable service. (Doc. 16, Attach. 1 at 3.) Defendant Moyse attached his own affidavit and the affidavit of his wife in support of his motion to dismiss. Defendant Moyse's wife claims that she did not speak with or see a process server on June 20, 2016 or June 21, 2016 and no one handed her any documents. (Id. at 16.) Defendant Moyse also argues that the process server's description of the Jane Doe Wife does

3

not match his wife's appearance-his wife is an African American female with brown hair and golden highlights and is 5'4''. (Id. at 6.) The process server described the " 'JANE DOE' Wife" as an African American female with black hair who was 5'9'' to 6'0'' tall. (Id.)

On March 28, 2017, the Court entered an order denying both Plaintiff's Motion to Remand (Doc. 11) and Defendant Moyse's Motion to Dismiss (Doc. 16). (Doc. 29.) The Court gave Plaintiff sixty days to perfect service on Defendant Moyse and then, following effective service, Defendant Moyse would have 30 days to consent to removal. (Id. at 7.)

Plaintiff filed a motion for reconsideration on April 24, 2017. (Doc. 30 at 1.) In his motion, Plaintiff argues that the Court did not rule on whether service was proper and that, if he complies with this Court's order to perfect service on Defendant Moyse, then he risks waiving the issue of improper removal on appeal. (Doc. 30 at 1-2.) Plaintiff also argues that if Defendant Moyse participates in this case, then "the parties risk having an entire trial and judgment only to have the decision reversed because Dr. Moyse was not validly served." (Id. at 6.) From this Court's review of the docket, Plaintiff still has not perfected service on Defendant Moyse.

## ANALYSIS

"In cases removed from state courts, the sufficiency of service of process attempted before removal is governed by state law." White v. Capio Partners, LLC, No. 1:15-CV-120, 2015 WL 5944943, at *2 (S.D. Ga. Oct. 13, 2015) (citing Rentz v. Swift Transp. Co., 185 F.R.D. 693, 696 (M.D. Ga. 1998)). "Once a case has been removed to federal court, federal law governs future attempts to serve process." Id. (citing 28 U.S.C. § 1448 and Fed. R. Civ. P. 81(c)(1)). In this case, service was attempted on June 21, 2016 and the case was removed to federal court on June 30, 2016 (Doc. 1). Accordingly, because the case was in state court when Plaintiff attempted service, the sufficiency of that service is governed by Georgia law. In pertinent part, O.C.G.A. § 9-11-4(e) provides:

> (e) . . . Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows:
>
>> (7) . . . to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

O.C.G.A. § 9-11-4(e).

Plaintiff argues that Defendant Moyse was properly served on June 21, 2016 through substituted service when a private process server served the complaint and summons on a "JANE DOE Wife" at Defendant Moyse's place of residence at 416 Woodland Estates Drive, North Baldwin, NY 11510. (Doc. 11, Attach. 1 at 1.) Plaintiff relies almost exclusively on the affidavit of suitable service by the process server to show that Defendant Moyse was properly served. The affidavit of suitable service completed by Alberto Perez testifies that "service was made by delivering a true copy thereof to and leaving with 'JANE DOE' Wife a person of suitable age and discretion." (Doc. 30, Attach. 1 at 3.) The process server described the individual as follows: "Approx Age: 51-65 Yrs., Approx Weight: 131-160 Lbs., Approx Height: 5' 9'' – 6' 0'', Sex: Female, Approx Skin: Black, Approx Hair: Black." (Id.) The process server also included a narrative that he spoke to "JANE DOE" and, when he asked about whether the defendant was in active military service, he received a "negative reply and that the defendant always wore civilian clothes and no military uniform." (Id.)

Defendant Moyse admits that he and his wife, Marie Gabrielle Louis, reside at 416 Woodland Estates Drive,

6

North Baldwin, NY 11510 and that no one else resides with them. (Doc. 16, Attach. 1 at 2.) Defendant Moyse was out of the country in Haiti from June 4, 2016 through July 31, 2016. (Id. at 3.) In her sworn affidavit, Defendant Moyse's wife testified that "I am a 63 year old, 5'4'' African American female with brown hair and golden highlights and weighing approximately 135 pounds," and that "I did not see or speak with a process server on June 20, 2016 or June 21, 2016, and no one attempted to personally hand me or otherwise give me any lawsuit papers at any time. Whoever the process server spoke to was not me." (Id. at 18.) Defendant Moyse's wife also stated in her affidavit that "I found a package outside next to the bushes by the patio. I do not recall the exact date I found them, but, the package was dirty and appeared to have been outside for a while." (Id.) In addition to the affidavit of Defendant Moyse's wife, Defendant Moyse points to the difference in height and hair color between his wife and the "Jane Doe Wife" that was served. (Doc. 25 at 3.) Additionally, Defendant Moyse argues that the affidavit of suitable service is defective because the process server never verified who he was speaking to and just assumed that it was his wife. (Id. at 2-3.)

7

Under Georgia law, "[w]hen reviewing a claim of insufficient service of process, we first acknowledge that a return of service represents a prima facie showing of personal service." Tavakolian v. Agio Corp., 283 Ga. App. 881, 883, 642 S.E.2d 903, 905 (Ga. Ct. App. 2007). However, although a return of service constitutes prima facie evidence of proper service, "it is not conclusive and may be traversed and set aside by proof that such facts are not true." Id.

In Tavakolian, the Georgia Court of Appeals found that service was not perfected on defendant H.T. although the California sheriff's return of service showed that he left the summons and complaint with a woman "identified as 'Jane Doe, co-resident" because the return of service "does not reflect that the sheriff had direct, personal knowledge of the woman's status as 'residing' in the home." 642 S.E.2d at 905. H.T. testified in his own affidavit that neither he nor anyone in his household received service of process. Id. at 906. The Georgia Court of Appeals found his affidavit was "sufficient to overcome the prima facie presumption that service was properly accomplished in accordance with OCGA § 9-11-4(e)(7)," particularly in light of the fact that the plaintiffs-appellees provided no

8

additional evidence to support the claim that service was proper. Id.

Georgia law provides that affidavits or other sworn statements are sufficient to overcome the prima facie presumption that service was proper. See Yelle v. U.S. Suburban Press, Inc., 216 Ga. App. 46, 47, 453 S.E.2d 108, 110 (Ga. Ct. App. 1995) (finding that the affidavits submitted by the defendant disputing the allegations in the return of service were based on the direct, personal knowledge of the affiants and were sufficient to overcome the prima facie presumption that service was properly made); Hudson v. Williams, 188 Ga. App. 726, 727, 374 S.E.2d 220, 221 (Ga. Ct. App. 1988) ("[A] return of service may be impeached by sworn statements made on personal knowledge."); Bohorquez v. Strother, 287 Ga. App. 98, 99, 650 S.E.2d 765, 766 (Ga. Ct. App. 2007). Because both Defendant Moyse and his wife have provided affidavits in which they testify that service was not perfected, the Court finds that service was not perfected on Defendant Moyse. First, the process server did not verify the name of the individual he served. Other than the conclusory designation of the served individual as " 'JANE DOE' Wife," the process server did not include anything in his narrative on the return of service that supports the

conclusion that he was speaking to the defendant's wife. Thus, there is an open question of whether the process server confirmed that the individual he was serving on behalf of Defendant Moyse was Defendant Moyse's wife or whether it was sheer speculation on the part of the process server.

Second, as pointed out in this Court's previous order, the served individual had an odd response to the process server's inquiry about whether Defendant Moyse was serving in the military. (Doc. 29 at 6.) The individual informed the process server "that the defendant always wore civilian clothes and no military uniform." (Doc. 30, Attach. 1 at 3.) This Court finds this response unusual in that a spouse would know this information and would not state her general observations about the clothing of Defendant Moyse. The response given casts doubt on whether the individual served was Defendant Moyse's wife. Because of these facts and the affidavits of Defendant Moyse and Defendant Moyse's wife, the Court finds that service was not perfected on Defendant Moyse by substituted service on his wife.

## CONCLUSION

For the foregoing reasons, Plaintiff Eddie Price Robinson, III's Motion for Reconsideration (Doc. 30) is

**DENIED**. Plaintiff **SHALL** have 60 days to perfect service on Defendant Moyse pursuant to 28 U.S.C. § 1448. Following effective service pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Moyse **SHALL** have 30 days to consent to removal.

SO ORDERED this 27th day of March 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA